I,MAX N. TOBIAS, JR., Judge.
We grant the supervisory writ of the Industrial Development Board of the City of New Orleans, Louisiana, Inc., the relator, to consider whether the trial court erred when it failed grant the relator’s peremptory exceptions. The plaintiffs/respondents, Coliseum Square Association and Historic Magazine Row, filed a petition for nullity pursuant to La. C.C.P. arts. 2001, et seq., seeking to have declared null certain trial court judgments that validated certain bonds issued by the relator. The trial court had upheld the validity of the bonds and both this Court and the Louisiana Supreme Court upheld the trial court’s decision. See, Board of Directors, Industrial Development Board of New Orleans, Louisiana, Inc. v. All Taxpayers, 03-0826, 03-0827 (La.App. 4 Cir. 5/29/03), 848 So.2d 740 and 848 So .2d 733, writs denied, 03-1527, 03-1528, 03-1842, 03-1843 (La.10/1/03), 855 So.2d 287, 855 So.2d 288, and 855 So.2d 289.
La. R.S. 13:5129 states in pertinent part that if the decree validating the bonds is sustained on appeal, “such decree shall be forever binding and conclusive as the va *615 lidity of the bonds, the validity of the tax, any lease or other means provided for the payment of such bonds and the validity of all pledges of revenues and of all covenants and provisions contained in the instrument or proceedings ^authorizing or providing for the issuance of such bonds, and as to all matters adjudicated and as to all objectives presented or which might have been presented in such proceedings, and shall constitute a permanent injunction against the institution by any person of any action or proceeding contesting the validity of the bonds or any other matter adjudicated or which might have been called in question in such proceedings.” The bonds in question have been previously sustained on appeal.
La. R.S. 13:5129 implements Article VI, Section 35 of the 1974 Louisiana Constitution. Article VI, Section 35, clearly states that a plaintiff states no cause of action to attack the bonds once approved by a final decision of the courts. Thus, La. R.S. 13:5129, being a special statute addressing the procedure for validating bonds, supersedes the general statute for nullifying judgments, La. C.C.P. arts.2001 et seq.
For the foregoing reasons, we reverse the judgment of the trial court and dismiss the plaintiffs/respondents’ suit with prejudice.

SUPERVISORY WRIT GRANTED; JUDGMENT REVERSED; RENDERED.